UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA     PLAINTIFF

vs.     NO. 1:11-CV-090-A-D

$339,574.45 IN U.S. CURRENCY,
ET AL.     DEFENDANTS

## STIPULATED CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Felicia C. Adams, United States Attorney for the Northern District of Mississippi, and Samuel D. Wright, Assistant United States Attorney, together with the Claimants, Delbert L. Wheeler, Trina Wheeler, and King Mountain Tobacco Company, Inc., by and through counsel, hereby submit this Stipulated Consent Judgment and Final Order of Forfeiture:

WHEREAS, a Verified Complaint for Forfeiture In Rem was filed on April 15, 2011, alleging that the defendant property was subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 as property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341, 1343, and 2341-2346, all of which are a "specified unlawful activity" by virtue of 18 U.S.C. §§ 1956(c)(7) and 1961(1)(b).

WHEREAS, on or about June 9, 2011, the Claimants filed claims to all of, or a portion of, the Defendant property. An Order staying this proceeding was entered by the Court on July 19, 2011, and the proceeding has been stayed since the entry of that Order;

1

WHEREAS, the United States of America and the Claimants (hereinafter "the parties"), are aware of their respective rights and wish to resolve this matter without further litigation and expense;

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1. This is an in rem civil forfeiture action brought pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

2. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper before this Court, pursuant to 28 U.S.C. § 1355(b)(1).

4. The Court has jurisdiction over the subject matter and the parties.

5. The parties acknowledge and agree that this Stipulated Consent Judgment and Final Order of Forfeiture is the result of a compromise and settlement. Claimants acknowledge and agree that the United States and its agents had reasonable cause for the seizure of the Defendant property as provided in 28 U.S.C. § 2465, and the Government's position in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B). The parties further acknowledge and agree that this agreement and all negotiations, discussions, and proceedings in connection with this settlement shall not be deemed to constitute an admission by Claimants of fault, liability, or wrongdoing as to any facts or claims alleged or asserted in this litigation or in any other actions or proceedings, and shall not be received in evidence or otherwise used by any party in this litigation, or in any other action or proceeding, for any purpose, except in connection with a proceeding to enforce this agreement.

6. The parties wish to resolve this matter without additional utilization of judicial resources and without incurring further litigation expenses. As such, the parties agree as follows:

a. The sum of $31,000.00 in U.S. currency seized from Wheatland Bank checking account No. xxxxx3531 (Asset Id No. 11-FBI-001873) shall **NOT BE FORFEITED**, but shall be **RETURNED** to Claimant Trina Wheeler. Claimant Trina Wheeler hereby withdraws her claim to the remaining $29,472.44 seized from said account. Following entry of this Stipulated Consent Judgment and Final Order of Forfeiture, the United States Marshal's Service, or its delegate, shall within ten (10) days cause the sum of $31,000.00 to be disbursed via electronic funds transfer ("EFT") to an account designated by counsel for Claimant Trina Wheeler.

b. Further, the remaining sum of $29,472.44 in U.S. currency seized from Wheatland Bank checking account No. xxxxx3531 (Asset Id No. 11-FBI-001873), the sum of $339,574.45 seized from Wheatland Bank checking account No. xxxx1779 (Asset Id No. 11-FBI-001872), and the sum of $520,878.17 in U.S. currency seized from Wheatland Bank checking account No. xxxx1498, and any interest that may have accrued on the whole of the defendant currency since the time of seizure, shall be **FORFEITED** to the United States of America. The Claimants hereby withdraw his/her/their claims to this portion of the Defendant property.

c. The following vehicles shall **NOT BE FORFEITED**, but shall be **RETURNED** to Claimants Delbert L. Wheeler and Trina Wheeler within ten (10) days following entry of this Stipulated Consent Judgment and Final Order of Forfeiture:

1. 1969 Chevrolet Nova SS (VIN Number: 114279W351671) (11-FBI-001764)
2. 1964 Pontiac GTO (VIN Number: 824F14935) (11-FBI-001765)

3

3. 1971 Ford Torino GT (VIN Number: 1A35M231088) (11-FBI-001766)

4. 1970 Chevrolet Chevelle SS (VIN Number: 136370R243262) (11-FBI-001767)

5. 1976 Pontiac Firebird (VIN Number: 2W87W6N568264) (11-FBI-001768)

6. 1939 Buick, Series 40 Business Coupe (VIN Number: 13550767) (11-FBI-001769)

7. 1966 Chevrolet Corvette Stingray (VIN Number: 194676S121344) (11-FBI-001770)

8. 1969 Chevrolet Camaro (VIN Number: 124379L521311) (11-FBI-001771)

9. 1955 Chevrolet 210 Custom (VIN Number: VB550033284) (11-FBI-001772)

10. 1967 Ford Shelby GT 350 Fastback (VIN Number: 67200F7A01294) (11-FBI-001773)

11. 1968 Dodge Charger (VIN Number: XP29H8B407143) (11-FBI-001774)

12. 1970 Plymouth Barracuda (VIN Number: B523V0B349176) (11-FBI-001775)

13. 1969 Chevrolet Camaro (VIN Number: 124379L528751) (11-FBI-001776)

14. 1971 Pontiac GTO (VIN Number: 242371Z135144) (11-FBI-001777)

15. 1970 Chevrolet Chevelle SS (VIN Number: 136370K168335) (11-FBI-001778)

16. 1967 Chevrolet Chevelle SS 396 Convertible (VIN Number: 138677B171529) (11-FBI-001779)

17. 1967 Pontiac GTO Convertible (VIN Number: 242677K114386) (11-FBI-001780)

18. 1969 Ford Mustang 428 (VIN Number: 9F02R125832) (11-FBI-001782)

19. 1956 Ford Thunderbird Convertible (VIN Number: P6FH242977) (11-FBI-001783)

20. 1971 Dodge Charger R/T (VIN Number: WS23V1A190680) (11-FBI-001784)

The United States will also return to Claimants Delbert L. Wheeler and Trina Wheeler all

title and purchase documents for said vehicles in its possession or control.

d. In exchange for the return of the vehicles listed in Paragraph 6, Subsection (c), the Claimants Delbert L. Wheeler and Trina Wheeler shall remit to the United States of America the sum of $431,200.00 in U.S. currency made payable to the United States Marshals Service. The parties agree that these funds shall be substituted as Defendant property in the place and stead of the vehicles listed above and that said funds shall be **FORFEITED** to the United States of America. Further, each Claimant waives his/her/its right to notice of any forfeiture proceedings commenced by the United States of America against said funds and consents to the forfeiture of the funds to the United States of America.

e. The following vehicles shall be **FORFEITED** to the United States of America:

1. 1955 Chevrolet Bel Air (VIN Number: VC55K065888) (11-FBI-001781)

2. 1963 Chevrolet Impala (VIN Number: 31847F305172) (11-FBI-001785)

3. 1970 Dodge Charger R/T (VIN Number: XS29U0G248416) (11-FBI-001786)

The Claimants hereby withdraw his/her/their claims to this portion of the Defendant property.

f. The parties stipulate that the Claimants shall be responsible for one half of the costs associated with the transport and storage of the above-specified vehicles incurred since the date of seizure and the transportation costs associated with the return of the vehicles to the Claimants. To date, costs incurred for the initial transportation and the storage of the vehicles since the date of seizure are approximately $37,000.00. Additionally, it is estimated that costs to be incurred associated with the return of the vehicles to the Claimants will be approximately $3,000.00. In conjunction with the remittance of the sum specified in Paragraph 6, Subsection

(d), the Claimants shall remit to the United States of America the sum of $20,000.00 in U.S. currency made payable to the United States Marshals Service in full satisfaction of Claimants' share of the costs incurred and to be incurred. This amount shall be **FORFEITED** by the United States of America. The United States Marshals Service shall be authorized to use these forfeited funds for to pay and recover costs attributable to the transportation and storage of the vehicles having accrued up until the time the vehicles are finally released by the United States Marshals Service to the Claimants. Further, the United States Marshals Service will work in conjunction with the Claimants to schedule a return date for the vehicles and will arrange for transportation of the vehicles to a location designated by the Claimants.

7. The parties further stipulate that any right, title or interest of the Claimants, and their successors and assigns, and any right, title and ownership interest of all other persons in the portion of the Defendant property that is being forfeited to the United States is hereby and forever **EXTINGUISHED**. Clear title to said property is hereby be **VESTED** in the United States of America, and the United States Marshal, or his delegate, is **AUTHORIZED** to dispose of the forfeited property according to law. The parties further stipulate that any right, title, interest or claim, actual or potential, known or unknown, of the United States in the property being returned to Claimants which may have arisen from events prior to the date of entry of this Stipulated Consent Judgment and Final Order of Forfeiture is hereby and forever EXTINGUISHED.

8. Claimants knowingly and voluntarily waive any and all right to reimbursement by the United States of attorney fees and/or litigation costs in connection with this civil forfeiture action, pursuant to 28 U.S.C. § 2465(b)(1)(A) or any other statute. Claimants further agree that

the forfeiture of the property specified herein is reasonable, and does not constitute an excessive punishment within the meaning of the Eighth Amendment of the United States Constitution. Further, the United States waives any and all right to reimbursement by Claimants of any fees or litigation costs in connection with this civil forfeiture action not specifically enumerated in this Stipulated Consent Judgment and Final Order of Forfeiture.

9. Claimants agree to release, remise and discharge Plaintiff, the United States of America, and any of its agencies involved in this matter, including but not limited to the United States Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the United States Marshal's Service, their agents and employees, and state and local law enforcement officers and their employers, agents, officers and employees, past and present, from all claims or causes of action which Claimants and their agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the seizure of the assets identified in Paragraph 6.

10. This Stipulated Consent Judgment and Final Order of Forfeiture resolves this matter in its entirety, specifically United States District Court Civil Matter No. 1:11-CV-009-A-D, entitled U. S. v. $339,574.45 in U.S. Currency, et al. Upon the entry of this Stipulated Consent Judgment and Final Order of Forfeiture this case shall be dismissed WITH PREJUDICE and closed. The parties agree that the Court will retain jurisdiction over this matter for a period of one hundred twenty (120) days following entry of this Stipulated Consent Judgment and Final Order of Forfeiture solely for the purpose of enforcement of the terms of this Order.

11. Each of the parties to this Stipulation Consent Judgment and Final Order of Forfeiture are aware of its/their rights in this matter. The parties agree that each party shall bear its own costs and attorney fees in this matter.

WHEREFORE, the parties stipulate to entry of this Stipulated Consent Judgment and Final Order of Forfeiture.

SO ORDERED on this the 27th day of August, 2013.

*/s/ Sharion Aycock*
HONORABLE SHARION AYCOCK
United States District Judge

**PREPARED BY AND AGREED TO:**

FELICIA C. ADAMS
United States Attorney

s/    SAMUEL D. WRIGHT
_____
Samuel D. Wright
Assistant United States Attorney
MS Bar No. 101425
900 Jefferson Ave.
Oxford, Mississippi 38655
Phone: (662) 234-3351
Facsimile: (662) 234-3318
samuel.wright@usdoj.gov

Dated: 8/20/2013

AGREED TO:

*/s/ Richard J. Troberman*
RICHARD J. TROBERMAN
Counsel for Claimants

Dated: 7/29/13

*[signature]*
DAVID G. HILL
Local Counsel for Claimants

Dated: 8-20-2013

*[signature]*
DELBERT L. WHEELER, Individually
Claimant

Dated: _____

*[signature]*
DELBERT L. WHEELER
As President of Claimant King Mountain
Tobacco Company, Inc.

Dated: _____

*[signature]*
TRINA WHEELER
Claimant

Dated: _____